IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | |
| | § | No. 3:19-cr-581-B (1) |
| MARIA TERESA LUEVANO, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER OF DETENTION**

In an Order Accepting Report and Recommendation of the United States Magistrate Judge Concerning Plea of Guilty, dated July 28, 2021, United States District Judge Jane J. Boyle has referred this matter to the undersigned United States magistrate judge for a hearing to determine whether it has been clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why Defendant Maria Teresa Luevano should not be detained under 18 U.S.C. § 3143(a)(2) and whether it has been shown by clear and convincing evidence that Defendant Maria Teresa Luevano is not likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c). *See* Dkt. No. 71.

**Background**

Defendant is set for sentencing before Judge Boyle on October 14, 2021. *See* Dkt. No. 70. "[W]hether a defendant should be released pending trial and whether a defendant should be released pending sentencing or appeal are distinct inquiries

governed by different provisions of the Bail Reform Act." *United States v. Lee*, 31 F. App'x 151, No. 01-30876, 2001 WL 1747632, at *1 (5th Cir. Dec. 4, 2001).

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). 18 U.S.C. § 3143(a)(2) dictates that the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

On October 15, 2019, the undersigned United States magistrate judge released Defendant subject to an Order Setting Conditions of Release. *See* Dkt. No. 10.

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). 18 U.S.C. § 3143(a)(2) dictates that the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds

there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

Defendant, as ordered, filed a motion for continued pretrial release in which he identifies the exceptional circumstances under 18 U.S.C. § 3145(c) that she contends justify her continued release post-conviction and in which she addresses whether she is likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c) pending sentencing. *See* Dkt. No. 77.

The Court held a hearing on September 13, 2021 on the matters referred by Judge Boyle, at which Defendant appeared in person and through counsel and the government's counsel appeared.

**Legal Standards and Analysis**

As a preliminary matter, Defendant is subject to mandatory detention under Section 3143(a)(2) because she has, on a guilty plea, now been adjudged guilty of a violation of 21 U.S.C. § 841. *See* Dkt. Nos. 64, 69, & 70. That is "an offense in a case described in subparagraph (A) ... of subsection (f)(1) of section 3142," specifically, "an

offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)."

Defendant therefore must be detained pursuant to 18 U.S.C. § 3143(a)(2) unless he meets the conditions of release set forth in Section 3143(a)(2) or 18 U.S.C. § 3145(c). Release of "a person who has been found guilty of an offense in a case described in [18 U.S.C. § 3142(f)(1)(A)] and is awaiting imposition or execution of sentence" requires that "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(B); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016) ("The decision to detain Jacqueline after conviction is a common one because of the presumption in favor of detention that attaches to a convicted defendant. *See* 18 U.S.C. § 3143."); *United States v. Lopez*, 504 F. App'x 297, 298 (5th Cir. 2012) ("A defendant who has been convicted 'shall ... be detained' pending sentencing 'unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.' Thus, there is a presumption against release pending sentencing." (footnotes omitted)). As the United States Court of Appeals for the Fifth Circuit has repeatedly recognized, Federal Rule of Criminal Procedure 46(c) and Section 3143(a)(1) impose a burden on a convicted defendant seeking release pending sentencing to show by clear and convincing evidence that she or he is not a flight risk

or a danger to the community. *See* 18 U.S.C. § 3143(a)(1); FED. R. CRIM. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."); *United States v. Lockett*, 549 F. App'x 269 (mem.), No. 13-11097, 2013 WL 6623771, at *1 (5th Cir. Dec. 17, 2013).

Further, Defendant must meet the conditions of release set forth in Section 3143(a)(2)(A) or 3145(c). Defendant cannot, and does not claim that she can, satisfy the Section 3143(a)(2)(A) showing that there is a substantial likelihood that a motion for acquittal or new trial will be granted or that an attorney for the government has recommended that no sentence of imprisonment be imposed on Defendant.

18 U.S.C. § 3145(c) provides that "[a] person subject to detention pursuant to [18 U.S.C. §] 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in [18 U.S.C. §] 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." As reflected in the Report and Recommendation Concerning Plea of Guilty [Dkt. No. 69], Section 3145(c) provides an alternative basis for pre-sentencing release under "exceptional circumstances," so long as Defendant also makes the required showing under Section 3143(a)(1) and 3143(a)(2)(B) – that is, by clear and convincing evidence that Defendant is not likely to flee or pose a danger to the safety of any other person or

the community if released under 18 U.S.C. § 3142(b) or 3142(c) pending sentencing. *See United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991).

The Court finds that Defendant has made the required showing that she is not likely to flee or pose a danger to the safety of any other person or the community if continued on release. As Defendant explains in her motion for continued post-conviction release, the "government did initially move to detain Mrs. Luevano, but withdrew that motion on October 15, 2019 and she was ordered released on conditions," and she "has complied with each of those conditions for almost two years." Dkt. No. 77 at 1. According to Defendant, "[c]lear and convincing evidence exists to show that Ms. Luevano is not a flight risk or danger to the community, and the best evidence of this is her performance on pre-trial supervision over the past two years. She has had no violations. Ms. Luevano also has close to ties to the community as her daughter recently gave birth to the defendant's granddaughter. Ms. Luevano has maintained employment by working as a cashier at a grocery store. She is a 57-year-old female with no prior criminal history." *Id.* at 2.

The issue of Defendant's presentencing release therefore turns on whether "it is clearly shown that there are exceptional reasons why [Defendant's] detention [pending sentencing] would not be appropriate." 18 U.S.C. § 3145(c). In support of that showing, Defendant explains that she "is a 57-year old female. Her health is not ideal. She was recently diagnosed with a fatty liver and she suffers from high

cholesterol. Because of these conditions, remaining on release would allow her to receive appropriate medical care until her sentencing date..” Dkt. No. 77 at 3. At the hearing, Defendant’s counsel also proffered that Defendant’s adult son was arrested today and that she would like to remain on release to assist him with obtaining bond.

The government took the position that Defendant’s stated reasons do not establish exceptional circumstances under 18 U.S.C. § 3145(c).

The United States Court of Appeals for the Fifth Circuit has explained that the “exceptional reasons” provision “was added to § 3145(c) with the mandatory detention provisions of § 3143(a)(2) and (b)(2) and was apparently designed to provide an avenue for exceptional discretionary relief from those provisions.” *Carr*, 947 F.2d at 1240. The United States Court of Appeals for the Second Circuit offers a working definition of “exceptional reasons”: “a unique combination of circumstances giving rise to situations that are out of the ordinary.” *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). That court also explained that, in assessing reasons proffered as the basis for release under Section 3145(c), “a case by case evaluation is essential.” *Id.* The United States Court of Appeals for the Eighth Circuit has similarly explained that “‘exceptional’ means ‘clearly out of the ordinary, uncommon, or rare.’” *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (citation omitted).

One court has explained that, "to avoid emasculating the mandatory detention statute[,] 'exceptional reasons review is limited to determining whether remanding the defendant to custody until sentencing would be tantamount to subjecting individuals to unjust detention.'" *United States v. Thomas*, No. 10-cr-229, 2010 WL 3323805, at *2 (D.N.J. Aug. 20, 2010) (quoting *United States v. Christman*, 712 F. Supp. 2d 651, 655 (E.D. Ky. 2010)).

District courts in this circuit have noted a variety of circumstances that do not rise to the level of exceptional. *See United States v. Cyrus*, No. 10-0228-04, 2010 WL 5437247, at *1-*2 (W.D. La. Dec. 27, 2010) (need to "secure his home and attend to other personal matters" were not exceptional reasons justifying release pending sentencing); *United States v. Douglas*, 824 F. Supp. 98, 99-100 (N.D. Tex. 1993) (defendant's cooperation with the government that subjected him to potential retaliation by co-defendants and his attempts at rehabilitation did not constitute exceptional reasons); *United States v. Dempsey*, No. 91-098, 1991 WL 255382, at *1-*2 (E.D. La. Nov. 19, 1991) (poor health, emotional and mental problems, and need to properly prepare his business and his family for his long absence were not exceptional circumstances); *United States v. Scott*, No. 1:95-CR-80-1, 1995 WL 723752, at *1-*2 (E.D. Tex. Nov. 22, 1995) (need to assist parent was a purely personal reason that was no more exceptional than those routinely rejected by courts); *see also United States v. Landry*, No. CR 15-32-JWD-SCR, 2015 WL 5202458, at *2-*4 (M.D. La. Sept. 4, 2015); *United States v. Posada*, 109 F. Supp. 3d 911, 912-16 (W.D. Tex. 2015).

The facts that Defendant urges as exceptional circumstances, including her compliance with her conditions of pretrial release, are certainly commendable. But the Court determines – as have many other courts when presented with similar arguments for presentencing release – that Defendant's proffered reasons for continuing her release do not individually or collectively give rise to a situation that is out of the ordinary.

As to a defendant's age and health issues, "'[c]ourts have found that chronic medical conditions are not exceptional reasons justifying release.'" *United States v. Varney*, Crim. No. 12-09-ART-HAI-(1), 2013 WL 2406256, at *5 (E.D. Ky. May 31, 2013) (quoting *United States v. Parker*, No. 1:10-CR-28, 2011 WL 672309, at *2 (E.D. Tenn. Feb 18, 2011). But courts have explained that "[a]n acute need for medical care, on the other hand, may justify release," such as where a defendant needs dialysis treatment and surgery or presents with an illness that is sufficiently grave or a course of treatment that makes detention inappropriate. *Parker*, 2011 WL 672309, at *2.

Courts have denied release where, "[a]lthough Defendant's medical conditions are serious, they are not beyond the ability of the United States Marshals Service [] to manage." *Varney*, 2013 WL 2406256, at *5. "A chronic medical condition controlled by medication is generally not an exceptional reason justifying release," where "[a] chronic condition will be present whenever the defendant is incarcerated, so it does not provide a unique reason why pre-sentencing detention would be inappropriate." *Id.* at *1. That is the case here.

**Conclusion**

Accordingly, the Court finds that it has not been clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why Defendant Maria Teresa Luevano should not be detained under 18 U.S.C. § 3143(a)(2), and so Defendant Maria Teresa Luevano will be detained pending sentencing.

It is therefore ORDERED that Defendant Maria Teresa Luevano be committed to the custody of the Attorney General and United States Marshal for further proceedings.

It is ORDERED that Defendant Maria Teresa Luevano, while being so held, be afforded reasonable opportunity for private consultation with counsel.

SO ORDERED.

DATED: September 13, 2021

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE